## In re IDA ARNOT.

[Filed June 15th, 1904.]

1. The act of April 9th, 1897, "empowering executors and trustees holding land and real estate in trust to improve the same and erect buildings thereon" (*P. L. of 1897 p. 190*), does not apply where lands are devised to one for life, with remainder to his children.

2. Nor does the act apply in a case where all the buildings on the premises have been destroyed by fire.

3. Nor does the act authorize an executor to use trust funds to erect buildings on real estate, acquired by him as executor, with funds of the estate.

---

On petition for leave to use trust moneys to erect buildings.

*Mr. Edward F. Merry,* for the petitioner.

STEVENSON, V. C.

This petition is presented to the court under the act of April 9th, 1897, entitled "An act empowering executors and trustees holding land and real estate in trust to improve the same and erect buildings thereon." *P. L. of 1897 p. 190.*

It is quite plain that the petition does not present a case within the terms of the statute and therefore no order for proofs will be made thereon.

1. The act is made by its terms expressly to apply only where lands are held "in trust for any person or persons for life or until the happening of some event." There is no such trust under the will set forth in the petition.

The testator devised part of the lands in question to his daughter, Ida, the present petitioner,

"for and during the term of her natural life, with full power and authority to rent the same, and, after paying all taxes, insurance and costs of all necessary repairs, to use the balance of the rents derived therefrom for her sole use and benefit."

The will then devises the land at the death of Ida "to her children then living, share and share alike." A similar devise of another part of the lands in question is made to a son of the testator with similar remainder to his children. In each case there is a legal devise of a life estate. The life tenant may be charged with some duties toward the remaindermen in excess of those which are borne by life tenants as incidents to or burdens upon their estate. If so, the life tenant, to a greater extent than in the ordinary case, may be deemed a trustee or *quasi* trustee for remaindermen. *2 Perry Trusts* § *540.* Such a trust or *quasi* trust, however, is entirely beyond the purview of this statute. The land in this case is held by the devisees for life for their own benefit, although their estates may be subjected to charges for the benefit of the remaindermen. The statute has in view the obtaining of an adequate income from real estate for the beneficiaries who are entitled to receive the in-

come under the terms of a trust; the statute does not provide for the discharge of obligations which stand as encumbrances upon the income of the real estate which a life tenant is collecting for his own use. The mere holder of a charge or encumbrance upon the life tenant's income may not have any interest whatever in increasing that income.

The remaining parcel which the petitioner alleges she has recently acquired "as executrix of Benjamin Hilton" is also beyond the scope of the statute. The will vests the residuary estate in the petitioner as executrix in trust, to pay the income in a prescribed manner during the lives of the testator's two children. If the petitioner used the funds which she holds in trust for the purchase of this tract of land, which she says she has acquired, such land may be charged with a trust for the benefit of the trust estate, but this is not the sort of trust which the statute deals with. The case is substantially the same as if this executrix had acquired the land by purchase thereof at a sheriff's sale held in a suit for the foreclosure of a mortgage which she held as a part of her trust estate. In all such cases the executrix may at any time sell the lands so acquired and hold the proceeds as a part of her trust. The object of the statute is to reach cases where the trust requires that the land shall continue to be held by the trustee while the beneficiary of the income is suffering a loss from an inadequate rental value.

2. The words of the statute cannot in my judgment be possibly extended so as to include the erection of a building upon land which is entirely unoccupied. The petition shows that the buildings which formerly stood upon the land were burned to their foundations. To erect new buildings, even upon these old foundations, if it could be proved that the foundations in whole or in part can be utilized again, cannot be deemed either additions, repairs or improvements to existing buildings, or the erection of new buildings in place of existing buildings.

In a former case under this statute, which went from this court to the court of errors and appeals (*In re Miller, 62 N. J. Eq. (17 Dick.) 764*) (*1901*), the land described in the petition

was occupied in part by a number of existing buildings, and one question raised but not decided was whether in such case the statute conferred the power to order the erection of a new building in place of one which had been destroyed by fire. While the particular piece of ground on which the new building was proposed to be placed, so as to cover the same, was unoccupied, the tract as a whole was occupied by various buildings. In this present case the petition presents tracts of land from which the buildings have been entirely removed by fire and which therefore at present are not "occupied in whole or in part" in any possible sense of those words, by a building or buildings of any kind whatever. It may be true that there is no good reason why this statutory relief should be afforded where the life tenant is losing his income because of the dilapidation of a building while the same relief is not afforded to a life tenant whose income is diminished or destroyed by the destruction of a building by fire. This, however, is a matter for the legislature to deal with.